THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIA ISABEL DELGADILLO,             )
                                     )
         Plaintiff,                  )
                                     )   Case No. 05 C 3448
                                     )
    v.                               )   Magistrate Judge
                                     )   Arlander Keys
                                     )
OFFICER RONALD H. PAULNITSKY,        )
OFFICER STEPHEN FRANKO, AND          )
THE CITY OF CHICAGO,                 )
                                     )
         Defendants.                 )

## MEMORANDUM OPINION AND ORDER

On June 13, 2005, Plaintiff sued two Chicago police officers, Officer Ronald H. Paulnitsky and Officer Steven Franko, along with the City of Chicago, under eight separate theories, including three Section 1983 claims and various state law claims. Specifically, Plaintiff brought claims of false arrest, false imprisonment, intentional infliction of emotional distress, and respondeat superior. This law suit stemmed from an incident that occurred in Plaintiff's day care facility, run out of the basement of her home, in which a 16 month old child sustained severe head and eye injuries while under the Plaintiff's care. She was subsequently charged and prosecuted for abusing the child, but was ultimately found not guilty. This Court denied Plaintiff's partial motion for summary judgment and granted Defendant's motion for summary judgment. See Delgadillo v.

*Paulnitsky et al*, No. 05 C 3448, 2007 WL 1655252, at *1 (N.D.Ill. June 01, 2007). Defendants now seek to recover from Ms. Delgadillo $12,083.60, in deposition and discovery related costs. Ms. Delgadillo objects to most of the claimed costs.

Under Federal Rule of Civil Procedure 54(d)(1), costs, other than attorney's fees, should be allowed to the prevailing party, unless the court otherwise directs. FED.R.CIV.P. 54(d)(1); *see also Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006) ("The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise."); McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994) ("The prevailing party is *prima facie* entitled to costs and it is incumbent on the losing party to overcome the presumption.") Courts have allowed the presumption in favor of awarding a prevailing party its costs to be overcome by the losing party's showing of indigence. *See Rivera v. City of Chicago*, 469 F.3d at 639 (Court declined to abolish the indigence exception). However, the Seventh Circuit has noted that the exception is a narrow one. *Id.* The losing party must show, with specific evidence, that he is unable to pay presently, and that he will likely be unable to pay costs in the future. *Denson v. Northeast Illinois Regional Commuter Railroad Corp.*, No. 00 C 2984, 2003 WL 21506946, at *1 (N.D.Ill. June 27, 2003). However, "[e]ven if a litigant is indigent, costs are not automatically waived and may

still be awarded at the court's discretion." *Id.*

Plaintiff argues that Defendants' costs are impermissibly excessive. An award of costs should be entered if a listed expense is authorized by statute, and is both reasonable and necessary to the litigation. *Northbrook Excess & Surplus v. Proctor & Gamble*, 924 F.2d 633, 642 (7th Cir. 1991). A federal court may tax as costs the following:

1. Fees of the clerk and marshal;

2. Fees of the court reporter for all or any party of the stenographic transcript necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and copies of papers necessarily obtained for use in the case;

5. Docket fees under section 1923 of [Title 28 of the United States Code];

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of [Title 28 of the United States Code].

Here, Defendants request costs for copying charges in the amount of $762.18. Costs incurred in connection with photocopying discovery, exhibits, and pleadings filed with the Court are among the costs recoverable under FED.R.CIV.P. 54. Here, Defendants'

costs associated with copying these documents were done at a rate of $.15 per page, which previously has been deemed by this Court as reasonable. *See e.g. Falcon v. City of Chicago*, No. 98 C 4028, 2000 WL 1231403 at *1 (N.D.Ill., Aug. 28, 2000); *see also Trammel v. BASF*, No. 99 C 6897, 2002 WL 59144 at *7 (N.D.Ill., Jan. 14, 2002). Additionally, the Court finds that the three copies made of each document that Plaintiff takes issue with, is reasonable, considering the Plaintiff sued three separate defendants, one of which was represented by a separate attorney, and including any courtesy copies made for the Court. However, Defendants only submitted an invoice for what they identify as "Plaintiff's Document Production Copies," which amounts to $561.48 and includes $20.00 that Defendant paid for audio duplication. Courts have deemed that such niceties are purely matters for convenience, not necessity; therefore, it is not recoverable. *See Zeilder v. A & W Restaurants, Inc.*, No. 99 C 2591, 2001 WL 561367, at *1 (N.D.Ill. May 21, 2001). Accordingly, the Court will deduct $20.00 from Defendants' above costs. The remaining $200.70 of the total copying costs were not supported by any documentation; therefore, the Court will reduce the amount Defendants seek by 20%, for a total amount of 160.56. Therefore, the total amount recoverable for copying costs is $702.04.

4

The Court grants Defendants costs associated with the subpoenas obtained, which were used in the preparation of their defense of Plaintiff's claims (and according to Defendants, Plaintiff identified them as responsive in interrogatories). However, the $343.00 sought by the Defendants, will be reduced, because Defendants only submitted invoices for four subpoenas totaling $222.00.

The remainder, and the bulk of the Defendants' claimed costs, are the costs for obtaining deposition transcripts and court reporting costs, which are recoverable under 28 U.S.C. § 1920(2) (West 2007), if they were necessarily obtained for use in this case. There are three sources of transcripts at issue here. First, Defendants claim that the transcripts from Plaintiff's criminal cases were in preparation of their defense. As Defendants explain, Plaintiff "has been pointing all along to her acquittal and what occurred in the criminal case as a basis to prove her allegations against defendants." (Defs.' Reply in Further Support of Their Bill of Costs at 3). Hence, the Court does find that these transcripts were necessary for use in this case. However, at the time of the transcriptions, the approved rate for copies was $.83 per page. (U.S. Dist. Ct. for the N. Dist. of Ill., *Maximum Transcript Rates-All Parties (Per Page)*, http://10.205.15.104/CLERKS_OFFICE/CrtReporter/tfee0203.pdf (last updated Feb. 28, 2003)). Consequently, Defendants can only

5

recover at a rate of $.83 per page (for a total of $642.42), and not the $1.80 (and one document at $3.15) that they paid for the copies.

The second set of transcripts are from Plaintiff's Illinois Department of Children and Family Services proceedings in the amount of $6721.35. Defendants ordered the transcripts of these proceedings, requiring the conversion from the audio to print.[1] This was also ordered on an expedited basis, in order to keep in line with the discovery schedule. However, the Court is not convinced that these were "necessarily obtained for use in the case" as required by 28 U.S.C. § 1920(2). Defendant has failed to explain why these transcripts (and not just the Administrative Law Judge's decision) were necessary. Therefore, this cannot be recovered.

Lastly, Defendant seeks recovery of costs associated with the production of original transcripts. The Court finds, and Plaintiff concedes, that the depositions taken were necessarily obtained for use in the case. The invoices Defendant submitted indicate that one of the transcripts was ordered expedited at a rate of $4.00 per page and the remaining two were made at a rate

---

[1] At these proceedings, there is no physical court reporter present transcribing the proceedings. Rather, these proceedings are taped and then someone must listen to the recording and transcribe.

6

of $3.25, as approved by the Judicial Conference.[2] However, any extra charges, such as the $6.00 for shipping and handling, $42.30 for condensed script, or $20.00 for a compact diskette are not recoverable. See Zeilder, 2001 WL 561367, at *1. As a result, Defendant can only recover for the transcripts themselves, which amount to a total of $1860.[3]

In her affidavit attached to her Response to Defendant's Bill of Costs, Plaintiff states that she was forced to sell her home and use the proceeds for her criminal defense and for living expenses. Also, she states that she is a single mother, without assets or savings, and does not receive child support payments on a regular basis. Additionally, Plaintiff also states that she is unable to operate a day care facility while she appeals the loss of her license and that she is currently working as a receptionist. However, this is not enough to support a claim of indigence.

The Seventh Circuit has held that the party claiming indigence must show not only that she is unable to currently pay the amount requested, but that she is incapable of paying it in the future. Rivera v. City of Chicago, 469 F.3d 631, 638 (7th

---

[2]At the time the depositions were taken (September 19, 2006, October 30, 2006, December 6, 2006), the approved rate was $3.30 for original ordinary transcripts and $4.40 for expedited transcripts.

[3]The deposition of Officer Ronald Paulnitsky was 179 pages at a rate of $4.00 per page for expedited service;

Cir. 2006). Though her current circumstances *may* render her indigent, Ms. Delgadillo has not provided the Court with any information regarding her future ability to pay Defendants' costs, besides simply stating that she will not likely be able to pay in the future. Plaintiff has worked in the past, maintaining a day care business in her home. She stated in her Affidavit that she is in the process of appealing the loss of her daycare license.

The Plaintiff is also currently employed.[4] Therefore, it is possible that Plaintiff will be able to pay the costs in the future. *See Denson v. Northeast Illinois Regional Commuter Railroad Corporation*, No. 00 C 2984, 2003 WL 21506946, *2 (N.D.Ill. June 27, 2003) (Court held that Plaintiff's affidavit showed that she was presently indigent, but failed to show that she was unlikely to be able to pay costs in the future, because she had been employed in the past and had indicated a desire to continue to work.); *see also Cross v. Roadway Express*, No. 93 C 2584, 1994 WL 592168, *1 (N.D.Ill. Oct. 26, 1994) (Found an unemployed single parent to three children, who suffered from severe mental health problems, and received $840 a month in Social Security payments indigent.) If the awarded Costs are presently uncollectible, Defendants should have the right to

---

[4]According to Defendants, Plaintiff also failed to mention a recent $26,000 settlement she received from an entity that is not a party to this current dispute, but in relation to the original criminal case.

pursue the judgment in the future, if Plaintiff's financial circumstances improve.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that the defendant's Bill of Costs is allowed, as modified in this opinion. Defendants are awarded costs in the amount of $3,426.46.

DATE: December 21, 2007            E N T E R E D:

_[signature: Arlander Keys]_
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT